IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAYFORD KENNETH DAVIS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01282-S-BT |
| | § | |
| DALLAS COUNTY TEXAS CHILD | § | |
| SUPPORT ENFORCEMENT AGENCY, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Mayford Kenneth Davis, Jr. has filed a civil action in which

he appears to challenge his obligation to pay child support. Each of the Defendants

that was served with a summons and a copy of the complaint filed a motion to

dismiss (ECF Nos. 9, 14, 16, 20, 22, 29). Having reviewed the motions, Davis's

responses, and the relevant law, the Court recommends Defendants' motions be

GRANTED and all of Davis's claims and causes of action be DISMISSED.

## Background

Davis filed this civil action on May 18, 2020, and paid the filing fee. Compl.

(ECF No. 2). His fifty-eight page complaint names twenty-two individuals and

entities as defendants and asserts a myriad of constitutional and statutory claims,

including claims purportedly arising under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C.

1

§§ 241 and 242, and 18 U.S.C. § 1341. *Id.* Despite the prolix nature of his pleading, the Court has liberally construed Davis's complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). And as best the Court can tell, Davis is challenging Texas state court proceedings which resulted in an order requiring him to pay child support. *See id.* at 23–24.

On July 20, 2020, Davis stipulated to the dismissal of twelve of the twenty-two defendants named in his complaint. (ECF No. 12). The remaining defendants are: (1) the Child Support Division of the Office of the Attorney General (OAG) of Texas, which Davis incorrectly refers to as the "Dallas County Texas Child Support Enforcement Agency"; (2) Dallas District 254th Title IV-D Court (Dallas Title IV-D Court); former Texas state judges (3) Carmen Rivera-Worley and (4) Michael J. O'Neill; (5) current Texas Assistant Attorney General (AAG) Brian Burton; former AAGs (6) Catherine Estrada, whom Davis incorrectly identifies as Catherine "Esterada-Carrasco," (7) Michelle Heron, (8) Mike Meripolski, and (9) John Beauduy; and (10) court reporter Tanner Joy Feast. *See* Compl. 1–3.

After the Court denied Davis's Motion for Extension of Time for Service, Order (ECF No. 13), Davis provided proof of service for all the remaining

2

defendants—except Feast—on August 17, 2020. Of the nine defendants Davis claims to have served, eight filed motions to dismiss: Judge Rivera-Worley (ECF No. 9); Beauduy (ECF No. 14); Judge O'Neill (ECF No. 16); Heron, Meripolski, and Estrada (ECF No. 20); the OAG (ECF No. 22); and Burton (ECF No. 29). Each motion maintains that dismissal is proper for lack of subject matter jurisdiction and because Davis fails to state a claim.

Davis filed five timely responses (ECF Nos. 19, 27, 28, 32, 36) and a response to Heron, Meripolski, and Estrada's Motion after the deadline to do so had passed (ECF No. 35). Each defendant with a pending motion filed a reply (ECF Nos. 31, 33, 34, 37, 38). Accordingly, all six Motions to Dismiss are fully-briefed and ripe for determination.

### Legal Standards and Analysis

Defendants claim that dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over Davis's claims and, in the alternative, under Rule 12(b)(6) because Davis fails to state a claim for relief. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Thus, the Court will address Defendants' jurisdictional arguments first.

3

<u>Rule 12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

4

complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When, as here, a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. Specifically, Defendants argue: (1) Davis lacks standing; (2) the Eleventh Amendment bars his claims; and (3) the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over all of Davis's claims. *See* Defs.' Br. Mot Dismiss 2 (ECF Nos. 10, 15, 17, 21, 23, 30). Davis fails to address all of Defendants' arguments, but even if he did oppose dismissal on each of these grounds, the Court agrees that it lacks subject matter jurisdiction over Davis's claims.

    a.  <u>Davis lacks standing to bring suit.</u>

"Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The United States Supreme Court has interpreted "cases" and "controversies" to mean those types of disputes traditionally resolved by the judicial process. *Muskrat v. United States*, 219 U.S. 346, 357 (1911). "Standing to sue is part of the common understanding of what it takes to make a justiciable

case." *Steel Co.*, 523 U.S. at 102 (citing *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)). The "irreducible constitutional minimum of standing" includes three elements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). Second, the injury must be causally connected to the complained-of conduct; in other words, it must be " 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' " *Id.* (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)) (brackets in original). And third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Id.* at 561 (quoting *Simon*, 426 U.S. at 38, 43).

As the party invoking federal jurisdiction, Davis bears the burden of establishing these elements. *See Ctr. for Biological Diversity v. United States Envtl. Prot. Agency*, 937 F.3d 533, 536 (5th Cir. 2019) (citing *Lujan*, 504 U.S. at 561). Davis, however, fails to provide specific factual allegations explaining how any injury he may have suffered is fairly traceable to actions taken by each of the defendants. He makes only vague allegations against Judge O'Neill, Meripolski, Beauduy, Feast, and the Dallas Title IV-D Court as being generally involved in the

6

proceedings that led to the court order requiring him to pay child support. *See* Compl. 23, ¶¶ 1–3.

Davis does not allege that Judge O'Neill issued the order requiring payment of child support or that he was otherwise involved in causing Davis injury. Davis's pleadings also offer only a loose causal causation connection between Meripolski, Beauduy, and Feast's acts and his alleged injury, merely stating that Meripolski—acting as an AAG—denied a writ of habeas corpus and sent him an email, while Beauduy and Feast allegedly altered a hearing transcript. *See* Compl. 23–24. It is unclear from Davis's pleadings how these actions are connected to Davis's alleged injury, if any. Accordingly, Davis does not have standing to bring suit against any of the defendants moving for dismissal, and his claims should be dismissed without prejudice.

      b.  <u>Davis's claims against the State—including those against individual defendants in their official capacities—are barred by the Eleventh Amendment.</u>

The Eleventh Amendment generally bars suit against a state, regardless of the nature of the relief requested, unless the state unequivocally waives such immunity and consents to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984), *superseded by statute on other grounds*. This immunity extends to suits against state officials acting in their official capacity, as courts treat any such action as a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Neither the State of Texas nor Congress has waived Eleventh

Amendment immunity with regard to 42 U.S.C. §§ 1983 or 1985—under which Davis brings his claims—or by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *See Thomas v. State*, 294 F. Supp.3d 576, 591 (N.D. Tex. Feb. 13, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hines v. Miss. Dep't of Corrs.*, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000); *Roberson v. McShan*, 2005 WL 2673516, at *1 (5th Cir. 2005) (per curiam)); *Aubrey v. Weihert*, 2016 WL 4880726, at *5 (N.D. Tex. Jul. 28, 2016), *rec. adopted*, 2016 WL 4480968 (N.D. Tex. Aug. 23, 2016) (citing *Will*, 491 U.S. at 66).

Perhaps in recognition that his claims against the individual Defendants in their official capacities would be barred, Davis claims that he has brought suit against the Defendants in their personal capacities. *See* Pl.'s Resp. Judge Rivera-Worley's Mot. Dismiss 7 (ECF No. 18). Davis has thus abandoned his claims against any Defendant in their official capacity—though alternatively, sovereign immunity would still bar his claims. Accordingly, Davis's claims against the State—including the individual Defendants in their official capacities— should be dismissed without prejudice for lack of subject matter jurisdiction. *See Devabhaktuni v. C.P.S.*, 2020 WL 4745050, at *3 (N.D. Tex. Jul. 16, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020) (concluding that the Eleventh Amendment barred Plaintiff's claims against the state, thus warranting dismissal for lack of subject matter jurisdiction).

8

      c.   The Rooker-Feldman Doctrine also deprives the Court of subject matter jurisdiction over Davis's claims.

The *Rooker-Feldman* doctrine[1] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. This prevents lower federal courts from reviewing state court error, as such review is best left to the state appellate court. *Smith v. Mortg. Elec. Reg. Sys., Inc.*, 2019 WL 4648263, at *4 (N.D. Tex. Aug. 30, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 4643678 (N.D. Tex. Sept. 24, 2019) (citing *MAPP Constr., LLC v. M&R Drywall, Inc.*, 294 Fed. App'x 89, 92 (5th Cir. 2008); *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970) (emphasizing that lower federal courts cannot sit in direct review of state court decisions)). Under 28 U.S.C. § 1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by a state's highest court. "[A] party losing in state court is," therefore, "barred from seeking what in substance would

---

1 This doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); those decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 291 (2005).

be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416).

This jurisdictional bar extends to those cases "in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief." *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. Aug. 7, 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)) (internal quotation marks omitted). "A claim is 'inextricably intertwined' with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment." *Brown v. Crawford*, 2008 WL 508390, at *3 (N.D. Tex. Feb. 25, 2008) (citing *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989)). A party cannot escape this aspect of *Rooker-Feldman* by "casting . . . a complaint in the form of a civil rights action." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing cases); *Alexander v. Estrada*, 2017 WL 7052200, at *1 (N.D. Tex. Jul. 21, 2017) (holding claim that state court violated plaintiff's constitutional rights is "a text-book example of a case barred by the *Rooker-Feldman* doctrine").

Here, Davis asks the Court, in his laundry list of requests, to void the judgment of the Dallas Title IV-D Court. Compl. 47. A ruling in Davis's favor on his civil rights claims would necessarily require overturning the state court's decision.

10

Accordingly, his claims should be dismissed without prejudice. *See Boatwright v. Plumley*, 2020 WL 4550418, at *2 (N.D. Tex. Jun. 25, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 4530368 (N.D. Tex. Dec. 14, 2020) (dismissing plaintiff's claims as barred by the *Rooker-Feldman* doctrine where plaintiff challenged a state court judgment terminating her parental rights)*; Lowe v. Shalan*, 2019 WL 690360, at *2 (N.D. Tex. Jan. 23, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 687875 (N.D. Tex. Feb. 19, 2019) (Lynn, C.J.) (dismissing plaintiff's constitutional claims without prejudice because the *Rooker-Feldman* doctrine divested the court of subject-matter jurisdiction to hear a claim that directly attacked the validity of the existing Justice of the Peace court judgment); *Jordaan*, 275 F. Supp. 2d at 789 (finding that the plaintiff's constitutional claims were "nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack—in the guise of a federal civil rights action—the validity of a state court divorce decree and other related orders").

d.  Alternatively, immunity bars Davis's claims against Defendants Judge Rivera-Worley, Judge O'Neill, Beauduy, Estrada, Heron, Meripolski, and Burton.

Several Defendants claim that even if the Court had subject matter jurisdiction over Davis's claims, they are individually immune from suit in the present action. Davis opposes this contention, insisting—without elaboration—that the individual Defendants are "contractors," and thus, ineligible to receive absolute immunity. This assertion is frivolous, and the Court finds that Defendants

11

Judge Rivera-Worley, Judge O'Neill, Beauduy, Estrada, Heron, Meripolski, and Burton are immune from suit.

     i.  <u>Judicial immunity bars Davis's claims against Defendants Judge Rivera-Worley and Judge O'Neill.</u>

Davis has named as defendants former Texas state judges, Judge Rivera-Worley and Judge O'Neill. It is well established, however, that judges have absolute immunity for actions taken within the scope of their jurisdiction. *Bradley v. NFN Marx*, 2018 WL 2451304, at *1 (N.D. Tex. Feb. 14, 2018) (Rutherford, J.), *rec. adopted*, 2018 WL 2441906 (N.D. Tex. May 31, 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996)). "A judge of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role," *Porter v. Frances*, 2020 WL 7327993, at *2 (N.D. Tex. Nov. 19, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7323883 (N.D. Tex. Dec. 11, 2020) (citing *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983)), even if "the judge is accused of acting maliciously and corruptly." *Sleeman v. Brazoria Cnty.*, 78 F.3d 582, 1996 WL 60605, at *4 (5th Cir. 1996) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) (internal quotation marks omitted).

In the present case, Davis does not identify any actions undertaken by either Judge Rivera-Worley or Judge O'Neill that contributed to his alleged injury. But any such action would undoubtedly be judicial in nature. Accordingly, Davis's

claims against Judge Rivera-Worley and Judge O'Neill are barred by judicial immunity. *See Dade v. Chitty*, 2020 WL 1916476, at \*1 (N.D. Tex. Mar. 23, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 1916505 (Apr. 20, 2020) (concluding that absolute immunity barred Plaintiff from pursuing claims against a state court judge when the judge was acting in his official capacity).

ii. <u>Prosecutorial immunity similarly bars Davis's claims against Defendants Beauduy, Estrada, Heron, Meripolski, and Burton.</u>

Prosecutors also "have absolute immunity for actions taken within the scope of their prosecutorial role." *Suter v. Denton*, 2019 WL 5887290, at \*5 (N.D. Tex. Jul. 16, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 3819210 (N.D. Tex.) (Godbey, J.) (citing *Rodriguez v. Lewis*, 427 Fed. App'x 352, 353 (5th Cir. 2011)). This absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Loupe v. O'Bannon*, 824 F.3d 534, 539–40 (5th Cir. 2016) (quoting *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)) (internal quotation marks omitted).

Of the current and former AAGs in this action, Davis only alleges that Meripolski and Beauduy acted improperly. *See* Compl. 23, ¶ 3, 24, ¶¶ 20, 21. It is unclear exactly what Davis claims, but any actions taken by the AAGs were undertaken in their official capacity as prosecutors. Accordingly, Davis cannot bring suit against current or former AAGs for any purported connection with his injury. *See Suter*, 2019 WL 5887290, at \*5 ("Suter's claims against Jarvis arise

13

from Jarvis's role in prosecuting Suter for perjury charges. As such, Jarvis is entitled to absolute immunity from Suter's claims, and those claims must be dismissed."); *Thomas v. City of Kingsville, Tex.*, 2018 WL 8263887, at *5–6 (S.D. Tex. Aug. 15, 2018), *rec. adopted*, 2019 WL 2085714 (S.D. Tex. May 13, 2019) (dismissing Plaintiff's claims against a District Attorney as barred by prosecutorial immunity where his conduct was intimately associated with his role as a prosecutor).

## Rule 12(b)(6)

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Burress v. Chase Card*, 2020 WL 6947355, at *2 (N.D. Tex. Oct. 21, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 6946611 (N.D. Tex. Nov. 24, 2020) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Stanford v. Godbey*, 2020 WL 7700632, at *4 (N.D. Tex. Dec. 10, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7698741 (N.D. Tex. Dec. 28, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes*

*Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require " 'detailed factual allegations,' " but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey*

15

*v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Defendants argue that Davis has failed to state a claim because (1) he fails to satisfy Federal Rule of Civil Procedure 8(a)'s requirement of providing "a short and plain statement of the claim showing that the pleader is entitled to relief"; (2) Davis's complaint alleges no specific facts regarding their purported actions; (3) Davis does not identify actions taken by Defendants that would fall within the appropriate limitations period; and (4) equitable relief is not available. Judge Rivera-Worley's Br. Mot. Dismiss 7–9; Beauduy's Br. Mot. Dismiss 8–9 (ECF No. 15); Judge O'Neill's Br. Mot. Dismiss 7–9 (ECF No. 17); Estrada, Heron, and Meripolski's Br. Mot. Dismiss 8–10 (ECF No. 21); OAG's Br. Mot. Dismiss 6–8 (ECF No. 23); Burton's Br. Mot. Dismiss 8–9. Additionally, the OAG claims that Davis has failed to state a claim because Davis does not allege facts from which the Court can imply vicarious liability and because it is not a "person" within the meaning of 42 U.S.C. § 1983. OAG's Br. Mot. Dismiss 7–8.

First, the Court agrees that Davis has failed to state a claim for relief under the relevant pleading standard. His complaint is utterly devoid of factual content, consisting almost entirely of a loose dissertation on constitutional and statutory law haphazardly linked together with barely any context or structure. Davis does not mention many of the Defendants by name. He only asserts that (1) the Dallas Title IV-D Court is not an actual court; (2) Defendant Meripolski argued against

16

issuing Davis a writ of habeas corpus and sent him an email regarding the writ to terrorize him; and (3) Defendants Beauduy and Feast eliminated text from the court transcript of his hearings in 2014. Compl. 23–24. Davis's remaining assertions are nonsensical. Such allegations cannot satisfy the pleading standards under Rule 8(a). Dismissal under Rule 12(b)(6) is warranted on this ground alone. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (stating that bare, "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim).

Second, Davis is time barred from seeking redress of nearly every alleged violation of his constitutional rights under § 1983. "The limitations period for a § 1983 action is determined by the state's personal injury limitations period, which in Texas is two years." *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (internal citation omitted) (citing TEX. CIV. PRAC. & REM. CODE § 16.003). Davis filed this action on May 18, 2020. *See* Compl. 1. The only alleged action within two years of the filing of his complaint is Meripolski's alleged email to Davis regarding his writ of habeas corpus. *See id.* at 24, ¶ 21. Accordingly, any of Davis's claims brought under § 1983 must fail. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (asserting that a court may grant a motion to dismiss on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling); *see also Ortega v. ATF Officer Badge No. 4706*, 2011 WL 6955715, at *5 (N.D. Tex. Dec. 8,

17

2011), *rec. adopted*, 2012 WL 32087 (N.D. Tex. Jan. 4, 2012) (concluding that Plaintiff's claims under § 1983 were time barred where they accrued more than two years before he filed suit).

Third, to the extent Davis seeks injunctive relief, such a remedy is not available as a matter of law. "[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 Fed. App'x 290, 290 (5th Cir. 2014). Section 1983 also prohibits injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Davis does not allege that a decree was violated or allege facts to suggest that declaratory relief was unavailable. Accordingly, Davis is not entitled to injunctive relief. *See Thomas v. Just. of the Peace*, 2020 WL 3053001, at *1 (E.D. Tex. Mar. 27, 2020) (concluding that Plaintiff was "not entitled to injunctive relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").

Fourth, Davis cannot state a claim against OAG. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Floyd v. City of Kenner, La.*, 351 Fed. App'x 890, 897 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 676). Davis, however, identifies no specific act by the OAG that injured him. Further, the OAG, as a state agency, is not a "person" under

18

§ 1983, so no claim can survive against it here. *See Will*, 491 U.S. at 109 (interpreting the words "[e]very person" in § 1983 to exclude the State).

Additionally, though Davis lists 18 U.S.C. §§ 241 and 242 on the first page of his complaint, *see* Compl. 1, he fails to set forth sufficient facts to plead a criminal violation. And there is no private cause of action under the criminal conspiracy statutes of §§ 241 or 242. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). A private right of action exists under a criminal statue only if there is "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). This Circuit has ruled that there is nothing to indicate that §§ 241 and 242 are more than "bare criminal statute[s]." *Ali v. Shabazz*, 1993 WL 456323, at *1 (5th Cir. 1993) (quoting *Cort*, 422 U.S. at 79). Accordingly, any claim that Davis purports to make under §§ 241 and 242 must fail as a matter of law. *See Laoutaris v. Yanowitch*, 2019 WL 367993, at *1 (N.D. Tex. Jan. 9, 2019) (Rutherford, J.), *rec. adopted*, 2019 WL 366398 (N.D. Tex. Jan. 30, 2019) (citing *Chaney v. Races and Aces*, 500 Fed. App'x 327, 330 (5th Cir. 2014); *Pierce v. Guidry*, 75 Fed. App'x 300, 300 (5th Cir. 2003) (per curiam)) (concluding that Plaintiff failed to state a claim for relief under §§ 241 and 242 because these provisions are criminal statutes that do not provide plaintiffs with a private right of action).

In sum, Davis fails to state a claim on several grounds. Even if the Court had subject matter jurisdiction over this matter, the Court should dismiss Davis's complaint for failing to state a claim. *See Hunter v. Price*, 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) ("Hunter's complaint should be dismissed with prejudice as frivolous and Hunter should be denied any further relief.").

### Remaining Defendants

The Court should dismiss Davis's claims against the Dallas Title IV-D Court and Tanner Joy Feast, even though those Defendants did not file a separate motion to dismiss.

First, the Dallas Title IV-D Court is not a separate jural entity which is subject to suit. A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Because Davis has not shown that the Dallas Title IV-D Court is a jural entity, any claims against it are also subject to dismissal on this basis. *See Samuel of Fam. Jeter v. Child Support Div. 42 U.S.C. §654(3)*, 2018 WL 6185546, at *4 (N.D. Tex. Nov. 5, 2018), *rec. adopted sub nom. Samuel of the Fam. Jeter v. Child Support Div. 42 U.S.C. §1983(3)*, 2018 WL 6181283 (N.D. Tex. Nov. 27, 2018).

Additionally, Davis failed to serve Defendant Feast with a summons and copy of the complaint. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

"A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509,

21

1512 (5th Cir. 1988)).

Here, Davis paid the statutory filing fee and is, therefore, responsible for properly serving Defendants with a summons and copy of the complaint in accordance with Rule 4. The Court reminded Davis of this responsibility on July 22, 2020, when it denied his motion to extend time to serve Defendants. Order Denying Mot. Extend Time Service 1 (ECF No. 13). Despite receiving this notice, Davis has failed to file proof of service upon Feast. On August 17, 2020, Davis represented to the Court that a process server had made several unsuccessful attempts at service on Feast and that the process server would provide an affidavit of due diligence, Proof Service 3, ¶ 10 (ECF No. 24), but Davis never provided any affidavit—nor did he ever provide good cause for the Court to extend the time for service. Accordingly, the Court should dismiss without prejudice Davis's claims against Feast. *See Paul R. S. v. Saul*, 2020 WL 5984368, at *1 (N.D. Tex. Sept. 15, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 5982023 (N.D. Tex. Oct. 8, 2020) (dismissing Plaintiff's complaint for failing to serve Defendant).

## Sanctions

Finally, the Court should find Davis to be a vexatious litigant and enjoin him from filing *any* lawsuit in this District without first obtaining an order from the Court permitting him to do so.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders,

judgments, procedures, and authority." *Obama v. United States*, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent authority is "the power to levy sanctions in response to abusive litigation practices." *Id.* (internal citations omitted). *Pro se* litigants are not immune from such sanctions, as they have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Davis, who lives in Weatherford, Texas—which is in the Fort Worth Division—has a history of filing frivolous lawsuits in this District. Indeed, this lawsuit is the fourteenth he has filed in this District in the past ten years. *See Davis v. Capitol One Bank USA,* Case No. 4:11-cv-00575-A (N.D. Tex.); *Davis v. Kotte*, Case No. 4:12-cv-00109-A (N.D. Tex.); *Davis Jr. v. AT&T Inc.*, Case No. 4:12-cv-00545-A (N.D. Tex.); *Davis Jr. v. Am. Express*, Case No. 4:12-cv-00606-Y (N.D. Tex.); *Davis v. Leavitt*, Case No. 4:12-cv-00739-A (N.D. Tex.); *Davis v. Schwab*, Case No. 4:12-cv-00740-A (N.D. Tex.); *Davis, Jr. v. Davis*, Case No. 4:15-cv-00564-A (N.D. Tex.); *Davis, Jr. v. Zellers*, Case No. 4:15-cv-00729-A (N.D. Tex.); *Davis, Jr. v. Worley*, Case No. 4:17-cv-00148-A (N.D. Tex.); *Davis, Jr. v. Cnty. of Dallas*, Case No. 4:19-cv-00398-O (N.D. Tex.); *Davis v. Weatherford Mun. Ct.*, Case No. 4:19-cv-00502-P-BP (N.D. Tex.); *Davis v. City of Hudson Oaks*, Case No. 4:19-cv-00503-A (N.D. Tex.); *Davis v. Cnty. of Dallas*, Case No. 3:19-cv-01494-B-

23

BK (N.D. Tex.); and *Davis v. Dallas Cnty. Tex. Child Support Enf't Agency*, Case No. 3:20-cv-01282-S-BT (N.D. Tex.). It is also at least the third time he has filed a lawsuit against Judge Rivera-Worley and AAG Beauduy challenging his child support obligation. *See Davis, Jr. v. Worley*, Case No. 4:17-cv-00148-A (N.D. Tex.); *Davis, Jr. v. Cnty. of Dallas*, Case No. 4:19-cv-00398-O (N.D. Tex.); and *Davis v. Dallas Cnty. Tex. Child Support Enf't Agency*, Case No. 3:20-cv-01282-S-BT (N.D. Tex.).

Davis has not prevailed in any of his lawsuits. Rather, he has already been sanctioned in this District for vexatious litigation behavior, which included threatening to file and filing lawsuits for the purpose of extorting money from proposed defendants. *See Davis v. Leavitt*, 2013 WL 1189281, at *2, ¶¶ 7, 15 (N.D. Tex. Mar. 22, 2013) (McBryde, J.). To put an end to such misconduct, the court sanctioned Davis and enjoined him from filing any lawsuit in which he asserted claims or causes of action alleging fraud in connection with obtaining credit reports, without first obtaining an order from the Court permitting him to do so. *Id.* at *4.

Despite this warning, Davis has continued to abuse the judicial process. This action is merely the latest in a long history of frivolous lawsuits. Davis is likely to continue his vexatious behavior if the Court does not enjoin him from doing so. The Court, therefore, recommends that Davis be declared a vexatious litigant and

enjoined from filing *any* lawsuit in this District without first obtaining an order permitting him to do so.

## Recommendation

For the foregoing reasons, the Court should GRANT Defendants' Motions to Dismiss (ECF Nos. 9, 14, 16, 20, 22, 29) and DISMISS all of Davis's claims against the moving Defendants. The Court should also DISMISS Davis's claims against the Dallas Title IV-D Court and Defendant Feast. Finally, the Court should declare Davis to be a vexatious litigant and enjoin him from filing any lawsuit in this District without first obtaining an order permitting him to do so.

**SO ORDERED.**

March 2, 2021.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).